## CHARLES H. WEAVER *et al.*

*v.*

## WILLIAM A. POYER *et al.*

1. CHANCERY JURISDICTION—*relief against judgment at law.* Where a party sued out an injunction to restrain the collection of a void and unjust judgment, which was dissolved, and immediately filed a second bill for the same purpose, which was held sufficient by this court, and in the meantime judgment was recovered on the injunction bond for the amount of such void judgment, it was *held,* that, as it was inequitable to allow the collection of the void judgment, it was equally so to allow the plaintiff to enforce payment of the latter judgment, and that it should be enjoined.

2. SAME—*against judgment without defense at law.* If the party has no defense at law against the recovery of a judgment, he need not defend or enjoin the suit before judgment, if he has an equitable defense, but may enjoin the collection of the judgment.

3. SAME—*enjoining assertion of legal right.* The whole system of equity jurisprudence proceeds upon the ground that a party having a legal right shall not be permitted to avail himself of it for the purposes of injustice, or fraud, or oppression; and if an inequitable loss or injury will otherwise fall upon a party, from circumstances beyond his own control, or from his own acts, done in good faith and in the performance of a supposed duty, without negligence, courts of equity will grant him relief.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill in chancery, filed by the appellants, Weaver and Marsh, to enjoin appellee Poyer from proceeding to collect a certain judgment rendered in his favor, against the appellants, on an injunction bond given in a previous suit, wherein appellant Weaver sought to restrain Poyer from collecting a judgment which had been obtained by Poyer against Weaver, without any service on the latter.

In the present case, the injunction was denied, a demurrer sustained to the bill, and the bill dismissed for want of equity. The complainants take this appeal.

The bill alleges that Weaver was a commission merchant in the city of Chicago; that, in the summer and fall of 1871, he had in store a quantity of dried apples and chestnuts, consigned to him, for sale on commission, by Poyer, a resident of Ohio; that, on the 8th and 9th days of October, 1871, Weaver's place of business and the storehouse containing his own goods and those consigned to him to be sold on commission, including the property consigned by Poyer to him, were destroyed by fire, without any fault or negligence of his; that, on May 16, 1872, Poyer obtained judgment by default against Weaver for $1,446.50, in the Superior Court of Cook county; that the cause of action upon which the judgment was rendered was for the value of said dried apples and chestnuts so destroyed by fire; that Weaver was never served with summons in the suit, never appeared therein, nor authorized any one to appear for him, and that the first knowledge he had that Poyer had ever commenced any proceedings against him, in any court, was the exhibition to him for payment of an execution on the judgment; that, on July 23, 1872, Weaver filed his bill for an injunction to restrain the collection of the judgment and execution issued thereon, and, on July 23, 1872, he, as principal, and the appellant Marsh, as surety, executed and filed their injunction bond in the suit, to Poyer, conditioned that, if the obligors should pay " all money and costs due or to be due to said W. A. Poyer in the said action at law, and also such costs and damages as shall be awarded against the said complainant. in case the said injunction shall be dissolved, then the above obligation to be void," etc.; that, afterward, the court sustained a demurrer to the bill and dissolved the injunction, and, subsequently, on March 20, 1873, the complainant dismissed his bill, and the court assessed the damages for the wrongful suing out of the injunction at $75; that, on the same day, March 20, 1873, Weaver filed his bill of complaint in the same court, against the same parties, and for the same purpose as the previous bill; that the prayer of said bill was granted,

and, before the issuing of the injunction, the appellants filed their injunction bond in the last mentioned suit; that, afterward, on the 28th day of March, 1873, the court dissolved the last mentioned injunction, and dismissed the bill for want of equity, which decision, subsequently, on appeal to this court, was reversed, and the cause remanded for rehearing to the Superior Court of Cook county, where the same is now pending. and the last mentioned injunction is still in full force; that, after the dissolution of the first injunction, and on the 20th day of March, 1873, Poyer commenced suit against Weaver and Marsh, on the injunction bond filed preliminary to that injunction, and. on December 20, 1873, judgment was rendered in the suit, in favor of Poyer, and against Weaver and Marsh, for $1318.13 damages, and costs of suit, which judgment, on appeal to this court, was affirmed; that the amount of such judgment, excepting the sum of $75 so assessed on the dissolution of the first injunction as damages (which $75 is tendered and paid into court for Poyer), is the amount of the judgment rendered in the first suit of Poyer against Weaver, on May 16, 1872, on default and without service, for said dried apples and chestnuts, less the sum of $314.83 previously tendered and paid into court, and taken out by Poyer, for and on account of insurance money received on said property.

It was to restrain the collection of this last mentioned judgment, of December 20, 1873, on the injunction bond, and the execution issued thereon, that the present bill was filed.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellants.

Mr. WM. HOPKINS, and Messrs. BARKER & WAITE, for the appellees.

420          WEAVER *et al. v.* POYER *et al.*          [Sept. T.

Opinion of the Court.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There is no question about facts here.

The demurrer admits the facts stated in the bill. It is the same state of facts substantially, excepting what relates to the injunction bond and judgment on it, as set up in the former bill of Weaver against Poyer. to enjoin the judgment rendered without service. That bill has been before this court on review of the decision sustaining a demurrer to it, and dismissing it, and the bill was sustained by this court, as entitling Weaver to have that judgment rendered against him without service set aside. as void. We have then the admitted facts, and the judgment of this court upon their force, which establishes that Weaver had a perfect defense to the suit brought against him by Poyer on the 27th of February, 1872, and that the judgment therein obtained by Poyer against him was null and void.

There is, then, here the glaring injustice of Poyer holding a judgment against Weaver for $1.318.13, for the amount of that void judgment, and for no other consideration.

All that appellee has to say in its support is, that it is in accordance with the injunction bond, and so must stand.

Appellee has the advantage, under the injunction bond, of a strict legal right. This bond was not given by Weaver voluntarily, but under the requirement of the statute, in order to obtain an injunction to restrain the collection of the void judgment against him, it being that he should give a bond conditioned for the payment of all moneys due to the plaintiff on the judgment, in case the injunction should be dissolved.

The injunction bond was given merely for the purpose of suing out a writ of injunction to stay the collection of a void judgment. It was not given for any other consideration.

Immediately upon the dissolution of the first injunction, another injunction was obtained to restrain the collection of the judgment, and, on its dissolution by the court below, this

court reversed the decision, and that suit is now pending, with the injunction restored and in force under the decision of this court.

That judgment was unjust and wrongful. There was no legal or moral obligation upon the part of Weaver to pay it.

The judgment on the injunction bond was rendered for, and on account of, and for no other consideration than the enjoined judgment. It was recovered to collect that.

Both judgments, in right and justice, rest upon the same foundation. Their real basis is the unfounded and unjust claim for the value of the goods held on commission by Weaver, which had been destroyed by fire without fault on his part. They but represent the value of those goods being for the amount thereof.

Weaver never has had the opportunity to make his defense to that unjust claim.

It is equally inequitable, and as much against conscience, to enforce the latter judgment as to collect the former one; but the judgment on the injunction bond was legally obtained, and there is a legal right to it. Is it within the scope of the jurisdiction of a court of equity to relieve against the judgment?

As laid down by Mr. Justice STORY, " the whole system of equity jurisprudence proceeds upon the ground that a party having a legal right shall not be permitted to avail himself of it for the purposes of injustice, or fraud, or oppression, or harsh and vindictive injury." 2 Story Eq. Jur. sec. 1316.

Courts of equity do, in some cases, interpose and restrain the exercise of a legal right, when it would be inequitable and against conscience to assert it. Instances of the exercise of this jurisdiction are, the relief afforded in cases of penalties annexed to bonds, and of mortgages. At law, there was a legal right to the penalty of the bond, on non-performance of the condition; but courts of equity interfered and restrained the legal right to the penalty, and limited the party to the damage really incurred by the non-performance

of the condition, upon the ground of it being unjust for the party to avail himself of the penalty.

In the case of a mortgage, upon default of payment of the mortgage money at the time stipulated for payment, the title of the mortgagee became absolute at law. The land, legally, was absolutely his; so by the express contract of the parties. But equity extends relief against assertion of the legal right, and allows a redemption, upon payment of the mortgage money and interest, upon the ground of the unconscionableness of insisting upon taking the land for the money. The same author above quoted lays it down: "And it may now be stated generally that, where an inequitable loss or injury will otherwise fall upon a party, from circumstances beyond his own control, or from his own acts, done in entire good faith and in the performance of a supposed duty, without negligence, courts of equity will interfere to grant him relief." 1 Story Eq. Jur. sec. 89.

This jurisdiction of equity has been exercised in relief against unjust judgments. In the case of *Countess of Gainsborough* v. *Gifford*, 2 Peere Williams. 424, it was said by the Master of the Rolls: "If the plaintiff at law recovers debt against the defendant, and the defendant afterwards find a receipt, under the plaintiff's own hand, for the very money in question, the verdict is against conscience, and, though the receipt were in the defendant's own custody, yet he, not being apprised of it, seems entitled to the aid of equity, it being against conscience that the plaintiff should be twice paid the same debt."

This principle was recognized and acted upon in *Wilday* v. *McConnel*, 63 Ill. 279, where, in reference to enjoining the collection of a judgment, this court said: "We are strongly inclined to the opinion that, unless relief can be afforded, a debt will be twice paid. This would be in opposition to every principle of right and equity."

There is all the injustice here as of paying a debt twice. It is, in either case, paying a debt which does not exist. It

is equally inequitable and against conscience to have to pay a pretended debt which never existed, as to pay a second time a debt which once had existence.

The obtaining of these judgments was not through the fault or negligence of the defendants, or either of them.

The first one, of Poyer against Weaver, was obtained without any notice of the suit to Weaver, so that he had no opportunity to make his defense against it. In the suit on the injunction bond, there was no legal defense to it, and the judgment had to go against the defendants. The equitable defense now urged, of being against equity and conscience, could not have been set up in that suit at law; nor was it necessary to have enjoined the prosecution of such suit at law because of having a defense in equity. *Gregg* v. *Brower*, 67 Ill. 526. So that the inequitable injury, unless relief is afforded, from these judgments, will have fallen upon the parties, from circumstances beyond their own control.

This judgment on the injunction bond does appear to be inequitable and unjust, and, although, as observed by Lord ELDON, in *Sanders* v. *Pope*, 12 Vesey, 282, "there is no branch of the jurisdiction. of this court more delicate than that which goes to restrain the exercise of a *legal right*," we believe there to be the warrant of both principle and authority for the exercise of the equitable jurisdiction which is here invoked.

. Our conclusion, then, is, that there was error in dissolving the injunction, sustaining the demurrer to the bill and dismissing the same for want of equity.

The order dissolving the injunction, and the decree, will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*