913 N.E.2d 70 (2009)
U.S. BANK NATIONAL ASSOCIATION, as Trustee, on Behalf of the Holders of Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2, Plaintiff-Appellee,
v.
Judy J. SAUER, David L. Sauer, Unknown Owners, Generally, and Nonrecord Claimants, Defendants-Appellants.
No. 2-08-0440.
Appellate Court of Illinois, Second District.
July 14, 2009.
Rehearing Denied August 7, 2009.
*71 David L. Sauer, Judy J. Sauer, Spring Grove, IL, pro se.
David C. Kluever, Jason D. Altman, Kluever & Platt, LLC, Chicago, IL, for Appellee.
Justice SCHOSTOK delivered the opinion of the court:
This cases arises from a mortgage foreclosure action brought by the plaintiff, U.S. Bank, against the defendants, Judy Sauer and David Sauer. The circuit court of McHenry County granted the plaintiff's motion for summary judgment on its complaint for foreclosure. The defendants appeal, pro se, from that order, arguing that (1) the plaintiff lacked standing to bring suit against them; (2) they were not provided notice that their loan payments were subject to acceleration; (3) the affidavit in support of the plaintiff's motion for summary judgment was insufficient; and (4) the judgment of foreclosure prepared by the plaintiff constituted a fraud upon the court. We affirm.
On December 21, 2004, the defendants entered into a loan agreement with Encore Credit Corporation. The loan agreement provided that Encore would provide the defendants a loan of $279,000 at an interest rate of 9.24%. The loan was subject to adjustment on January 1, 2007, and could rise to a maximum interest level of 16.24%. The loan's maturity date was January 1, 2035. The loan agreement also contained the following provisions:
"1. BORROWER'S PROMISE TO PAY
* * *
I will make all payments under this note in the form of cash, check or money order. I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the `Note Holder.'
* * *
7. BORROWER'S FAILURE TO PAY AS REQUIRED
* * *
(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means."
On October 11, 2006, the plaintiff filed a complaint for foreclosure and other relief. The complaint alleged that the defendants had been in default of their mortgage payments *72 since August 1, 2005.[1] The complaint alleged that the plaintiff was owed the outstanding balance plus interest and fees, totaling $315,685.57. The complaint therefore requested foreclosure of the mortgage, judicial sale of the property, and the plaintiff's reasonable costs and expenses, including its attorney fees.
On December 14, 2006, the plaintiff filed a motion for summary judgment, asserting that there was no genuine issue of material fact that precluded an entry of judgment in its favor. On December 19, 2006, the trial court granted the plaintiff's motion for summary judgment and entered a judgment of foreclosure and sale in its favor.
On May 21, 2007, the defendants filed a motion to vacate the trial court's order of December 19, 2006, due to the defendants' failure to receive notice of the proceedings. On June 26, 2007, the trial court granted the defendants' motion and ordered the defendants to respond to the plaintiff's motion for summary judgment.
On December 11, 2007, the defendants filed a "response to motion for summary judgment; motion to dismiss for lack of standing and failure to state a cause of action." The motion alleged that the plaintiff was seeking payment on a note and mortgage that had been entered in the favor of Encore Credit Corp. The defendants asserted that the plaintiff had failed to allege and show any interest in the note and mortgage that entitled it to bring the instant action. The defendants further alleged that any foreclosure action was premature because they had not received notice of acceleration as set forth in section 7 of the loan agreement that they had entered into.
On January 15, 2008, the trial court conducted a hearing on the plaintiff's motion for summary judgment. In support of its motion, the plaintiff submitted the affidavit of Diane Mitchell, senior vice president of Select Portfolio Servicing, Inc. (SPS), the company that was overseeing the defendants' loan. Mitchell indicated that the loan was transferred and assigned from the original payee to the plaintiff on October 25, 2006. Mitchell further stated that the defendants were sent a notice of default, a demand for payment, and an acceleration letter, dated August 1, 2006. Attached to Mitchell's affidavit was a document indicating that the defendants' loan had been assigned to the plaintiff. The notice of default, demand for payment, and acceleration letter that SPS sent to the defendants were also attached.
At the close of the hearing, the trial court granted the plaintiff's motion for summary judgment and entered a judgment of foreclosure and sale in the plaintiff's favor. Following the denial of their motion for reconsideration, the defendants filed a timely notice of appeal.
The defendants' first contention on appeal is that the plaintiff made no allegations nor presented any evidence that it had standing to bring a mortgage foreclosure action against the defendants. The defendants insist that the "[p]laintiff is a stranger to the transaction between defendants and Encore Credit" and therefore does not have an enforceable interest.
*73 Under Illinois law, a plaintiff need not allege facts establishing standing. Winnebago County Citizens for Controlled Growth v. County of Winnebago, 383 Ill. App.3d 735, 739, 322 Ill.Dec. 433, 891 N.E.2d 448 (2008). Rather, it is the defendant's burden to plead and prove lack of standing. Winnebago County, 383 Ill. App.3d at 739, 322 Ill.Dec. 433, 891 N.E.2d 448. Where standing is challenged by way of a motion to dismiss, a court must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that can reasonably be drawn in the plaintiff's favor. International Union of Operating Engineers, Local 148 v. Illinois Department of Employment Security, 215 Ill.2d 37, 45, 293 Ill.Dec. 606, 828 N.E.2d 1104 (2005).
Here, even though it was not the plaintiff's burden to establish standing (see Winnebago County, 383 Ill.App.3d at 739, 322 Ill.Dec. 433, 891 N.E.2d 448), the plaintiff did establish its standing through the affidavit of Diane Mitchell, an officer with SPS, the company overseeing the defendants' loan. Mitchell stated that the defendants' loan had been transferred from the original mortgagee to the plaintiff. Attached to her affidavit was a copy of the assignment of mortgage. As the defendants presented no affidavits or other evidence to contradict Mitchell's affidavit, there is no basis in the record to find that the plaintiff did not have standing to bring the instant action. See Financial Freedom v. Kirgis, 377 Ill.App.3d 107, 134, 315 Ill.Dec. 537, 877 N.E.2d 24 (2007) (once the movant presents admissible evidence through affidavit, it is incumbent on the respondent to refute those evidentiary facts, and if he fails to do so, the facts are admitted).
The defendants' second contention on appeal is that the plaintiff failed to allege and show that it had provided the defendants with notice that the loan balance would be accelerated and due within 30 days due to the defendants' default on the mortgage. The defendants insist that because the plaintiff failed to show that such notice had been given, its action was premature.
In Mitchell's affidavit, she indicated that the acceleration letter had been sent to the defendants on August 1, 2006. A copy of the acceleration letter was attached to Mitchell's affidavit. As the defendants failed to present any evidence to contradict Mitchell's affidavit, there is no basis in the record to find that the plaintiff did not send the defendants an acceleration letter. See Financial Freedom 377 Ill.App.3d at 134, 315 Ill.Dec. 537, 877 N.E.2d 24.
The defendants' third contention on appeal is that the affidavit the plaintiff filed in support of its motion for summary judgment did not comply with Supreme Court Rule 191 (210 Ill.2d R. 191), because that affidavit was not based on the personal knowledge of the affiant. Specifically, the defendants argue that because the affiant did not have any connection with Encore Credit, it was impossible for her to have knowledge about the loan agreement between Encore Credit and the defendants.
We first note that the defendants are complaining of the affidavit of Laura Hescott, an officer with SPS. This affidavit was signed on August 6, 2007. The plaintiff filed a more detailed affidavit, that of Diane Mitchell, on the same day the trial court conducted a hearing on its motion for summary judgment. In her affidavit, Mitchell stated that she was a servicing agent for the plaintiff and had been assigned to manage the loan. She stated she had firsthand knowledge of the material allegations contained in the complaint as well as the matters set forth in the affidavit. As her affidavit indicates that it was *74 based on her personal knowledge of the loan between the plaintiff and the defendants, the affidavit complies with Rule 191 and was properly considered by the trial court in ruling on the plaintiff's motion for summary judgment.
The defendants' final contention on appeal is that the "[p]laintiff improperly presented an order of Foreclosure and Sale that constituted a fraud upon the court and the due process and appellate rights of the defendants." Specifically, the defendants allege that the order prepared by the plaintiff and signed by the trial court was fraudulent because it indicated that the cause was heard on the plaintiff's complaint. The defendants argue that, in reality, the cause was heard on the plaintiff's motion for summary judgment. The defendants assert that the distinction is significant because there is a different standard of review for reviewing a judgment following a hearing on a complaint as opposed to reviewing an order of summary judgment. Additionally, the defendants argue that the trial court's order prepared by the plaintiff is fraudulent because it indicates that an acceleration notice was sent to the defendants and that the plaintiff is the holder of the note on the defendants' home. The defendants insist that there is nothing in the record to support these statements.
The defendants' contention is without merit. The plaintiff filed a complaint for foreclosure due to the defendants' failure to comply with the parties' contract. The plaintiff subsequently filed a motion for summary judgment on its complaint. The trial court granted the plaintiff's motion for summary judgment. The order about which the defendants complain includes language that specifically indicates that the trial court is granting the plaintiff's motion for summary judgment. There is nothing fraudulent about the judgment of foreclosure and sale that the plaintiff prepared and that the trial court signed. Furthermore, as explained above, the plaintiff submitted evidence that it assumed the mortgage from the original lender and that an acceleration letter had been sent to the defendants. The defendants did not present anything to contradict this evidence. Accordingly, the defendants present no valid basis for disturbing the trial court's judgment.
For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.
Affirmed.
ZENOFF, P.J., and McLAREN, J., concur.
NOTES
[1] The complaint actually stated that the defendants had not made payments since August 1, 2006. However, in an affidavit the plaintiff submitted in support of its motion for summary judgment, the plaintiff indicated that there was an error in the complaint as the defendants actually had been in default of their mortgage payments since August 1, 2005. We will therefore refer to the defendants as having been in default of their loan since August 1, 2005.