# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *Deutsche Bank National Trust Co. v. Payton*, 2017 IL App (1st) 160305

</div>

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff-Appellee, v. GARY LEIGH PAYTON, CARLA WATKINS and MARVIN WATKINS, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-16-0305 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | February 21, 2017<br><br>April 7, 2017<br>April 11, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CH-05861; the Hon. Robert E. Senechalle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Voelker Litigation Group, of Chicago (Daniel J. Voelker and Olga S. Dmytriyeva, of counsel), for appellants.<br><br>Stahl Cowen Crowley Addis, LLC, of Chicago (Ronald A. Damashek and Jeremy Kreger, of counsel), for appellee. |

| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion. |
|---|---|
| | Presiding Justice Hyman and Justice Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1 When Carla and Marvin Watkins, the defendants, did not pay their mortgages, they became concerned that Citimortgage, Inc. (Citimortgage), and Countrywide Home Loans (Countrywide) would commence foreclosure proceedings against them. On November 11, 2005, a warranty deed containing the Watkinses' signatures conveyed the subject property to Gary Leigh Payton and Tammy Marie Payton.[1] The Paytons obtained a mortgage from Long Beach Mortgage Company (Long Beach) in the amount of $450,000, and some of the loan proceeds were used to extinguish the Watkinses' mortgages on the subject property with Citimortgage and Countrywide. On February 28, 2007, Long Beach assigned and transferred its interest in the Paytons' mortgage to the plaintiff, Deutsche Bank National Trust Company (Deutsche Bank), as trustee for Long Beach. On March 2, 2007, Deutsche Bank initiated foreclosure proceedings against the Paytons when they failed to make their mortgage payments and later named the Watkinses. On July 13, 2010, Deutsche Bank filed a motion for summary judgment against the Watkinses and the Paytons, predicated on the doctrine of equitable subrogation. The motion was granted.

¶ 2 We find that once Long Beach, Deutsche Bank's assignor, paid off the Watkinses' mortgages with Citimortgage and Countrywide, Long Beach was subrogated, by operation of law, and Long Beach stepped into the shoes of Citimortgage and Countrywide. Therefore, Long Beach acquired Citimortgage's and Countrywide's priority interest in the subject property. We also find that the circuit court correctly granted Deutsche Bank's motion for summary judgment, predicated on the doctrine of equitable subrogation, in order to avoid an unjust result and to prevent the Watkinses from being unjustly enriched when they invoked their forged deed defense. Therefore, we hold that the circuit court did not err when it granted Deutsche Bank's motion for summary judgment predicated on the doctrine of equitable subrogation.

¶ 3 BACKGROUND

¶ 4 On November 18, 1996, a quitclaim deed conveyed the subject property located at 6437 North Kimball, Lincolnwood, Illinois, to Carla Watkins. She later married Marvin Watkins. On April 29, 2003, the Watkinses obtained a mortgage from Magnus Financial Corporation for $321,000. On May 17, 2004, they obtained a second mortgage from Greenlight Financial Services for $45,000. Magnus Financial Corporation later assigned its interest in the Watkinses' mortgage to Citimortgage, and Greenlight Financial Services assigned its interest in the Watkinses' second mortgage to Countrywide.

¶ 5 The Watkinses stopped making payments on their mortgages in 2005. Agents from an entity known as FundingForeclosures.com contacted the Watkinses and promised to save their

---

[1]The Paytons are not parties to this appeal.

home from foreclosure by providing financial assistance. Fundingforeclosures.com had the Watkinses (i) execute an Equity Purchase Agreement on July 14, 2005, in which the Watkinses sold the subject property to Fundingforeclosures.com; (ii) re-purchase the property at a set price pursuant to Addendum A attached to the Agreement; (iii) execute a Residential Lease After Sale Agreement on July 17, 2005, which allowed the Watkinses to continue to occupy the subject property but obligated them to pay $1600 each month in rent; and (iv) execute a grant deed[2] on July 17, 2005, transferring title to the subject property from the Watkinses to Fundingforeclosures.com.

¶ 6      On November 11, 2005, a warranty deed[3] containing the Watkinses' signatures transferred title to the subject property to Gary Leigh Payton and Tammy Marie Payton. The Paytons obtained a mortgage from Long Beach in the amount of $450,000. The settlement statement for this transaction indicates (i) that Long Beach paid off the Watkinses' mortgages with Citimortgage and Countrywide and (ii) that the Watkinses received a payout of $119,583.92. The record also includes releases from Citimortgage and Countrywide.

¶ 7      On February 28, 2007, Long Beach assigned the Paytons' mortgage to Deutsche Bank. When the Paytons did not make payments on their loan, Deutsche Bank filed a "Complaint to Foreclose Mortgage" on March 2, 2007, against the Paytons, two subordinate lenders, unknown owners, and non-record claimants. On June 13, 2007, James Smith filed an appearance on behalf of Carla Watkins as an unknown owner and non-record claimant. On July 18, 2007, Carla Watkins filed an answer and affirmative defenses, asserting that she and her husband were victims of a "foreclosure rescue fraud," and she maintained that the Watkinses had never met the Paytons, that the Watkinses did not sell the Paytons any property, and that FundingForeclosures.com forged their signatures on the deed transferring title of the subject property to the Paytons.

¶ 8      On September 28, 2007, Deutsche Bank filed an "Amended Complaint to Foreclose Mortgage," named Carla and Marvin Watkins as additional defendants, and claimed that any interest the Watkinses had in the subject property was inferior to that of the bank's. On June 9, 2009, James Smith filed an appearance on behalf of Marvin Watkins in the instant lawsuit.

¶ 9      On July 13, 2010, Deutsche Bank filed "Plaintiff's Amendment to Complaint to Foreclose Mortgage," added count II, named the Watkinses and the Paytons as defendants, and prayed, pursuant to the doctrine of equitable subrogation, for a judgment of foreclosure. Specifically, count II sought foreclosure on Deutsche Bank's assignor's liens that were equitably subrogated to the liens of the Watkinses' prior mortgagees, Citimortgage and Countrywide.

¶ 10      On October 7, 2010, the Watkinses filed an answer and affirmative defenses to "Plaintiff's Amendment to Complaint to Foreclose Mortgage" and admitted that Long Beach made a loan to the Paytons that paid off the Watkinses' prior mortgages with Citimortgage and Countrywide in full.

---

[2]A grant deed has some but not all of the usual covenants of title. The grantor warrants that he or she (i) has not previously conveyed the estate being granted, (ii) has not encumbered the property except as noted in the deed, and (iii) will convey to the grantee any title to the property acquired after the date of the deed. Black's Law Dictionary 424 (7th ed. 1999).

[3]A warranty deed is a stipulation by the grantor in which he guarantees to the grantee that title to the property at issue will be good and that the grantor's possession will be undisturbed. *Midfirst Bank v. Abney*, 365 Ill. App. 3d 636, 644 (2006).

¶ 11    On March 22, 2011, Deutsche Bank filed a motion for partial summary judgment, requesting the entry of a judgment on count II, its equitable subrogation claim, and prayed only for a partial judgment that the Watkinses' interest in the subject property would be subordinated to Long Beach's interest to the extent of $371,833.90. On May 24, 2011, the circuit court found (i) that the Watkinses admitted that their delinquent mortgages to Citimortgage and Countrywide in the amount of $371,833.90 were paid off, (ii) that proceeds from the Paytons' mortgage that was being foreclosed on by Long Beach were used to pay off the Watkinses' mortgage, and (iii) that Long Beach intended for its mortgage to be a first lien on the property. The circuit court granted Deutsche Bank's motion for partial summary judgment on count II of their complaint and held that the Watkinses' interests were subordinate to the interest of Long Beach mortgage to the extent of $371,833.90.

¶ 12    On September 28, 2012, Deutsche Bank filed a motion for entry of a default judgment against the Paytons and a motion requesting the entry of a judgment of foreclosure and sale against all defendants who had not answered or appeared.

¶ 13    On April 1, 2013, Deutsche Bank filed a second motion for summary judgment on count II of the complaint and requested the relief it had not previously obtained: "summary judgment pursuant to 735 ILCS 5/2-1005, or, in alternative, for judgment of foreclosure pursuant to 735 ILCS 5/15-1506." In response, the Watkinses did not challenge the circuit court's previous order granting partial summary judgment based on Deutsche Bank's superior interest in the property. Instead, the Watkinses challenged the bank's standing to foreclose on the Paytons' mortgage (i) because FundingForeclosures.com's agents forged the Watkinses' signatures on the deed that conveyed the property to the Paytons and (ii) because Deutsche Bank and its assignor did not have a written mortgage on the Watkinses' property.

¶ 14    On May 28, 2013, Deutsche Bank filed a reply in support of its motion for summary judgment on count II of the complaint and attached pages from Carla Watkins's deposition in which she testified that she recognized her signature on the warranty deed transferring title of the subject property from the Watkinses to the Paytons, but she also testified that she did not sign the deed. Deutsche Bank also attached pages from Marvin Watkins's deposition, in which he testified that he signed the warranty deed transferring title to the subject property from the Watkinses to the Paytons.

¶ 15    On June 11, 2013, the circuit court found that the Watkinses failed to file evidentiary materials that created material issues of fact and granted the bank's motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Code). 735 ILCS 5/2-1005 (West 2012). On July 12, 2013, the court entered a judgment of foreclosure and sale pursuant to section 15-1506 of the Illinois Mortgage Foreclosure Law (Foreclosure Law). 735 ILCS 5/15-1506 (West 2012). On October 15, 2013, the property was sold by judicial sale, and the bank was the successful bidder. The court confirmed the sale on November 7, 2013, without written objection. On December 22, 2015, the court granted Deutsche Bank's motion to voluntarily dismiss count I. Finally, the appellate court granted the Watkinses' leave to file a late notice of appeal on February 10, 2016.

¶ 16                                    ANALYSIS

¶ 17    The Watkinses seek review of the circuit court's June 11, 2013, order, which granted Deutsche Bank's motion for summary judgment on count II of Deutsche Bank's complaint. A circuit court may grant a motion for summary judgment only if the pleadings, depositions, and

admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Thompson v. Gordon*, 241 Ill. 2d 428, 438 (2011). We review a circuit court's order that grants a motion for summary judgment *de novo*. *Thompson*, 241 Ill. 2d at 438.

¶ 18    The Watkinses do not challenge the circuit court's order, granting Deutsche Bank's motion for partial summary judgment on its equitable subrogation claim, but argue, instead, that the circuit court erred when it granted Deutsche Bank's motion for summary judgment because there was a genuine issue of material fact as to whether Deutsche Bank had standing to foreclose on the subject property. Specifically, the Watkinses argue that FundingForeclosures.com's agents forged the deed transferring title to the subject property from the Watkinses to the Paytons and that Deutsche Bank and its assignor did not have a written mortgage with the Watkinses. Therefore, according to the Watkinses, Deutsche Bank's assignor acquired no interest in the subject property from the Paytons' mortgage, Deutsche Bank and its assignor did not have a written mortgage with the Watkinses, and Deutsche bank had no standing to foreclose on the subject property. We disagree.

¶ 19                                    Equitable Subrogation

¶ 20    We note that the circuit court granted Deutsche Bank's motion for partial summary judgment based on the doctrine of equitable subrogation. The supreme court examined the doctrine of subrogation and explained it as follows:

> "The doctrine of subrogation is a creature of chancery. It is a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid. [Citation.] The right of subrogation is an equitable right and remedy which rests on the principle that substantial justice should be attained by placing ultimate responsibility for the loss upon the one against whom in good conscience it ought to fall. [Citation.] Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. [Citation.] There is no general rule which can be laid down to determine whether a right of subrogation exists since this right depends upon the equities of each particular case. [Citation.]
>
> One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce. [Citation.]" *Dix Mutual Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 319 (1992).

¶ 21    We find that the Watkinses had mortgages on the subject property from Citimortgage and Countrywide of approximately $371,833.90. Long Beach, Deutsche Bank's assignor, loaned the Paytons $450,000, and the Paytons executed a note and gave Long Beach a mortgage on the subject property they acquired from the Watkinses. Deutsche Bank's assignor used some of the Paytons' loan proceeds to extinguish the Watkinses' prior mortgages on the subject property with Citimortgage and Countrywide. By paying off the Watkinses' two mortgages, Deutsche Bank's assignor (i) was subrogated by operation of law and stepped into the shoes of the Watkinses' mortgagees, Citimortgage and Countrywide (*LaFramboise*, 149 Ill. 2d at 319), and (ii) acquired Citimortgage's and Countrywide's priority interest in the subject property. *Ames Capital Corp. v. Interstate Bank of Oak Forest*, 315 Ill. App. 3d 700, 705 (2000) (subrogation has been applied to subrogate one party to the lien priority of another).

¶ 22    We find that the circuit court properly found that Deutsche Bank's assignor, after paying off the Watkinses' mortgages to Citimortgage and Countrywide, was subrogated to Citimortgage's and Countrywide's interest in the subject property. Therefore, the circuit court correctly found that the Watkinses' interest in the subject property was subordinate to Deutsche Bank or its assignor's interest in the property (*Interstate Bank*, 315 Ill. App. 3d at 705) and correctly granted the bank's motion for partial summary judgment.

¶ 23                                    Forged Deed

¶ 24    Next, we must determine if the circuit court erred when it granted Deutsche Bank's motion for summary judgment based on the doctrine of equitable subrogation when the Watkinses claimed that the Paytons' deed was forged, the bank's assignor had no written mortgage with the Watkinses, and Deutsche Bank lacked standing because its assignor had no interest in the subject property. The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit and assures that issues are raised only by those parties that have a real interest in the controversy. *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999).

¶ 25    Under Illinois law, a lack of standing is an affirmative defense, which is the defendant's burden to plead and prove. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). The burden was on the Watkinses to prove (i) that the Paytons had a forged deed and that the bank and its assignor did not have a written mortgage and (ii) that because of the forged deed and lack of a written mortgage, Deutsche Bank and its assignor lacked standing to file a foreclosure complaint against the Paytons. *Lebron*, 237 Ill. 2d at 252; *U.S. Bank National Ass'n v. Sauer*, 392 Ill. App. 3d 942, 946 (2009).

¶ 26    The Watkinses invoked section 2-619(a)(2) of the Code and asserted a legal defense: (i) that Deutsche Bank lacked standing or the legal capacity to file a foreclosure action against them because the Paytons obtained their mortgage with a forged deed or (ii) that Deutsche Bank's assignor did not have a written mortgage with the Watkinses and therefore, without a contractual nexus, the bank and its assignor had no standing to sue the Watkinses. See 735 ILCS 5/2-619(a)(2) (West 2012) (the plaintiff does not have legal capacity to sue or the defendant does not have legal capacity to be sued).

¶ 27    We note, however, that the whole system of equity jurisprudence proceeds upon the ground that a party having a legal right shall not be permitted to avail himself of it for the purpose of injustice or fraud. *Weaver v. Poyer*, 79 Ill. 417, 421 (1875). We must determine whether the circuit court properly restrained the Watkinses from invoking their standing defense because it would be inequitable to assert the legal defense once Deutsche Bank's assignor extinguished the Watkinses' indebtedness. *Poyer*, 79 Ill. at 421.

¶ 28    The Foreclosure Law defines a mortgagee as the holder of an indebtedness and any person claiming through a mortgagee as successor (735 ILCS 5/15-1208 (West 2006)) and includes the mortgagee's assignee. *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617 (1987). By extinguishing the Watkinses' mortgages with Citimortgage and Countrywide, Long Beach acquired a legally cognizable interest in the subject property that gave its successor, Deutsche Bank, the trustee and the legal holder of the Watkinses' indebtedness, standing to commence a foreclosure action against the Watkinses. *Glisson*, 188 Ill. 2d at 221; 735 ILCS 5/15-1504(a)(3)(N) (West 2006) (the Foreclosure Law indicates that the legal holder of the indebtedness—a pledgee, an agent, a trustee under a trust deed, or otherwise—may file the case).

¶ 29    While a complaint, answer, and responsive pleadings may purport to raise issues of material fact, if such issues are not further supported by evidentiary facts in affidavits, admissions, or depositions, summary judgment is inappropriate. *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380 (1974). We find, after reviewing the record, that the Watkinses failed to present evidentiary materials—admissions, affidavits, or depositions—that created a material issue of fact and established that the Paytons' deed was forged.

¶ 30    We also find that the Watkinses would be unjustly enriched if Deutsche Bank's assignor's paid off the Watkinses' two mortgages and paid the Watkinses $119,583.92, but the Watkinses were permitted to invoke a legal defense that divested the bank of its interest in the property. The doctrine of equitable subrogation is the remedial device designed to prevent an unjust enrichment. *State Farm Mutual Insurance Co. v. Du Page County*, 2011 IL App (2d) 100580, ¶ 32. Therefore, even if the Paytons acquired the subject property through a forged deed and even if the bank and its assignor had no written mortgage with the Watkinses, Deutsche Bank's assignor acquired standing when it paid off the Watkinses' mortgages and its successor, Deutsche Bank, as trustee, had a right to predicate its foreclosure action against the Watkinses on the fact that it was the legal holder of the Watkinses' indebtedness. *Glisson*, 188 Ill. 2d at 221; 735 ILCS 5/15-1504(a)(3)(N) (West 2006). Accordingly, we find that the circuit court properly granted Deutsche Bank's motion for summary judgment because even if the Paytons' deed was forged and there was no written mortgage, the doctrine of equitable subrogation prevented the circuit court from permitting the Watkinses' to be unjustly enriched.

¶ 31    Illinois case law notes that the right to equitable subrogation depends upon the equities of each case. *Interstate Bank of Oak Forest*, 315 Ill. App. 3d at 706. Here, given Deutsche Bank's assignor's payoff of the Watkinses' two mortgages and payout of $119,583.92 to the Watkinses, and given our need to avoid an unjust result, we find the equities are with Deutsche Bank. Accordingly, we hold that the circuit court did not err when it granted Deutsche Bank's motion for summary judgment based on the doctrine of equitable subrogation.

¶ 32                                    CONCLUSION

¶ 33    The circuit court correctly applied the doctrine of equitable subrogation, given the equities in this case. Accordingly, we affirm the circuit court's order that granted Deutsche Bank's motion for summary judgment.

¶ 34    Affirmed.