2021 IL App (1st) 190608-U

THIRD DIVISION
February 3, 2021

No. 1-19-0608

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MTGLQ INVESTORS, LP, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESTERA L. LISAUSKIENE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | No. 11 CH 21288 |
| | ) | |
| (Erlandas Lisauskas, Mortgage Electronic Registration Systems, Inc., US Bank National Association ND, and Unknown Owners and Nonrecord Claimants, | ) | |
| | ) | Honorable Cecilia A. Horan, |
| Defendants.) | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

ORDER

¶ 1    *Held*: The trial court did not err when it entered a judgment of foreclosure in plaintiff's favor. The unrebutted evidence proved plaintiff's right to enforce the obligation.

¶ 2      Plaintiff MTGLQ Investors, LP is the current holder of a mortgage loan made to defendant Estera Lisauskiene. Plaintiff's predecessor in interest filed a complaint to foreclose the mortgage, alleging that defendant had defaulted on her obligations as a result of nonpayment. After several years of litigation, a judgment of foreclosure was entered in plaintiff's favor. The property was sold at a public auction and the court entered an order approving the sale. Defendant appeals the entry of the judgment of foreclosure, arguing that certain evidence submitted in support of plaintiff's motion for summary judgment does not meet the standards for admissibility set forth in our Supreme Court Rules. Finding no reversible error, we affirm.

¶ 3                                    BACKGROUND

¶ 4      On February 25, 2005, defendant Estera Lisauskiene executed a mortgage in favor of Countrywide Home Loans in exchange for a loan of $190,000. The loan was secured by a mortgage on the property commonly known as 15600 South Wolf Road in Orland Park, Illinois.

¶ 5      By 2011, defendant was in default of her loan obligations as a result of nonpayment. Countrywide Home Loans filed a complaint to foreclose the mortgage. After the complaint in this case was filed, ownership of the note changed several times. The loan ultimately came to be held by plaintiff MTGLQ Investors who was substituted to be the named plaintiff in this case. During the course of this case, defendant filed for bankruptcy. Defendant's debts were discharged in bankruptcy in May 2012, and this litigation continued thereafter on the lender's efforts to foreclose on the mortgaged property.

¶ 6      Plaintiff filed a motion for summary judgment in April 2018. Important for purposes of this appeal, plaintiff's motion for summary judgment was supported by an affidavit from Michael Bennett. In his affidavit, Bennett avers that he is the assistant secretary of Rushmore Loan Management Services, the company that is plaintiff's servicing agent for the subject loan.

Bennett avers that he has personal knowledge of the status of the loan, principally by function of reviewing the business records created in the course of performance. Bennett avers that the loan was made, that defendant defaulted as a result of nonpayment, and that $279,109.50 is owed to plaintiff by defendant. Plaintiff maintains that, in consideration of defendant's answer to the complaint and the evidence it submitted in support of its motion for summary judgment, there was no genuine issue of material fact concerning its right to foreclose the mortgage and it was entitled to judgment as a matter of law.

¶ 7    Defendant responded to the motion for summary judgment. In her response, defendant did not deny the allegations or provide any evidence to contradict the evidence submitted by plaintiff. Instead, defendant challenged the validity of Bennett's affidavit and the propriety of the court relying on Bennett's attestations in the adjudication of the motion for summary judgment. Defendant argued that Bennett's affidavit did not comply with certain Supreme Court Rules, such that his attestations were not admissible evidence that could entitle plaintiff to judgment as a matter of law.

¶ 8    The trial court rejected defendant's challenges to Bennett's affidavit. Thereafter, the court entered a judgment of foreclosure in plaintiff's favor. The property was sold at a public auction, and the trial court subsequently entered an order approving the sale. Defendant now appeals.

¶ 9    On appeal, defendant argues that Bennett's affidavit failed to establish the amount due and owing on the defaulted loan. Defendant contends that Bennett's statement about the amount outstanding constitutes a "conclusory allegation" that is insufficient to support plaintiff's right to a judgment as a matter of law. Defendant also argues that Bennett's affidavit fails to establish Rushmore Loan Management's legal right to provide evidence in this case. Defendant questions Bennett's ability to competently testify about the status of the loan when he admits that he is

relying upon records created by others. Defendant concludes by arguing that Bennett failed to lay a proper foundation for the records attached to his affidavit, such that those records should not have been considered during the summary judgment proceedings. Defendant asks that we reverse the trial court's order granting a judgment in plaintiff's favor and remand the case for further proceedings. Plaintiff filed a brief responding to the arguments raised by defendant on appeal. Defendant did not file a reply.

¶ 10                                          ANALYSIS

¶ 11     The issue on appeal in this case is whether the trial court erred when it granted plaintiff's motion for summary judgment and entered a judgment of foreclosure in plaintiff's favor. Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits, viewed in a light most favorable to the nonmovant, fail to establish a genuine issue of material fact, thereby entitling the moving party to judgment as a matter of law. 735 ILCS 5/2–1005 (West 2018); *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.,* 215 Ill. 2d 121, 127–28 (2005). Summary judgment is encouraged as an expeditious manner of disposing of a lawsuit, but it should only be utilized when a party's right to a judgment is clear and free from doubt. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). We review a trial court's ruling on a motion for summary judgment *de novo. Illinois Tool Works Inc. v. Travelers Casualty & Surety Co.,* 2015 IL App (1st) 132350, ¶ 8.

¶ 12     Defendant argues that the affidavit submitted in support of plaintiff's motion for summary judgment fails to comply with the Supreme Court Rule governing the use of affidavits in summary judgment proceedings. See Ill. S. Ct. R. 191(a) (West 2018) (eff. Jan. 4, 2013). Under Supreme Court Rule 191, affidavits submitted in connection with a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with

particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." *Id.*

¶ 13    Defendant argues that Michael Bennett's affidavit fails to comply with Supreme Court Rule 191. Defendant challenges Bennett's affidavit under Rule 191 on three general bases. First, defendant argues that Bennett's conclusion about the amount due and owing is a "conclusory allegation." Second, defendant argues that Bennett's failure to attach the pre-acceleration notice described in the loan documentation leaves open a genuine issue of material fact. Third, defendant argues that, in his affidavit, Bennett fails to adequately demonstrate his personal knowledge about the loan in order to provide competent testimony in support of the motion for summary judgment. Interrelated with that third argument, defendant argues that Bennett fails to adequately demonstrate his capacity or his employer's capacity to provide evidence in support of the motion.

¶ 14    Bennett avers in his affidavit that the amount due and owing to plaintiff by defendant is $279,109.50. Bennett specifically explains in his affidavit that his factual conclusion about the amount due and owing is based upon his review of "Payment histories, Customer Account Activity Statements, and Judgment Figures." Those records are attached to Bennett's affidavit. Bennett provided a detailed breakdown of the charges that comprise the amount due and owing, listing specific totals for charges such as principal, interest, escrow advances, property maintenance, and property inspections. We disagree with defendant's characterization of Bennett's attestation as "conclusory." Instead, Bennett provides detailed, specific factual attestations that are supported by documentation attached to his affidavit. The sworn evidence

offered by Bennett about the amount due and owing, when left uncontradicted, is sufficient to prove the factual question about the amount of defendant's defaulted obligation. See *Barrett v. FA Group, LLC*, 2017 IL App (1st) 170168, ¶ 32 ("When facts are established by affidavit and are uncontradicted by opposing affidavit, those facts are taken as true and are admitted for the purpose of summary judgment."). Insofar as it concerns the amount due and owing, Bennett's affidavit consists of specific facts and it does not fail as conclusory under Rule 191. See *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶¶ 26-29.

¶ 15    Defendant argues that Bennett's failure to attach a pre-acceleration notice to his affidavit should preclude plaintiff from securing a judgment as a matter of law. Defendant contends that the mortgage contract requires the lender to provide notice before it can accelerate the loan balance and demand the entire unpaid balance due and that providing such notice is a condition precedent to plaintiff's right to sue.

¶ 16    Defendant did not raise any issue about the pre-acceleration notice in the trial court but raised this issue for the first time on appeal which prevented the trial court and the plaintiff from addressing the matter before judgment was entered. Accordingly, defendant's arguments regarding plaintiff's alleged failures in connection with accelerating the loan are forfeited on appeal. See *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 92 (2010) (arguments made for the first time on appeal are forfeited). Defendant has not alleged that she suffered any prejudice as a result of the alleged defect. Moreover, defendant had seven years while this case was pending in the trial court to raise an issue about any sort of defective notice, but she did not. Forfeiture rules are in place specifically to prevent parties from creating new issues on appeal, and defendant has forfeited her right to invoke an allegedly unperformed condition precedent for the first time on appeal.

¶ 17     As a final basis to challenge Bennett's affidavit under Rule 191, defendant argues that Bennett fails to demonstrate that he has the level of personal knowledge about the loan that the Rule requires. Defendant questions Bennett's failure to attach any agreement between plaintiff and Rushmore Loan Management. Defendant also questions some supposed discrepancies between dates in the affidavit and dates in the attached business records, and defendant faults Bennett for failing to describe Rushmore's specific quality control and verification procedures that he references in his affidavit.

¶ 18     Bennett avers in his affidavit, under penalty of perjury, that he is authorized to provide evidence about the subject loan through his employment with Rushmore and as agent for plaintiff MTGLQ Investors. Through his employment, Bennett reviewed, personally examined, and became familiar with all the necessary documentation concerning defendant's loan to attain the requisite personal knowledge to provide evidence in this matter. Bennett built the necessary competency to provide evidence in this case through a thorough review of business records. We have previously found that servicing agent employees who conduct a thorough review of loan documentation can be deemed competent to provide testimony about the status of the loan. See *Avdic*, 2014 IL App (1st) 121759, ¶¶ 26-30; *U.S. Bank National Ass'n v. Sauer*, 392 Ill. App. 3d 942, 946-47 (2009). Bennett demonstrated his personal knowledge in a manner greater than or equal to the affiants in those cases.

¶ 19     Defendant challenges Bennett's ability to provide evidence about the loan because ownership of the loan was transferred between multiple institutions and because many of the records supporting the affidavit were created by other entities. However, Bennett avers that he has examined the chain of ownership and that it conclusively shows plaintiff is the holder. Bennett states that he is familiar with the record systems used in this case and that he uses those

systems on a daily basis in the course of his employment. Those systems are industry standard according to Bennett and he concludes that, in this case, the records generated by those systems are accurate and that they support plaintiff's right to a judgment. Bennett avers that he could competently testify to the facts in his affidavit and to the supporting records if he were called to testify in this case. Again, Bennett's level of knowledge about the loan has been demonstrated to be greater than or equal to other affiants we have found to have sufficient personal knowledge. See, *e.g.*, *Avdic*, 2014 IL App (1st) 121759, ¶¶ 26-30; *Sauer*, 392 Ill. App. 3d at 946-47. Bennett has demonstrated sufficient personal knowledge to make the factual attestations he has made and, without there being any evidence to contradict or call into question Bennett's factual assertions, the evidence proves the elements necessary to entitle plaintiff to judgment as a matter of law.

¶ 20    Under Supreme Court Rule 236, defendant argues that Bennett failed to establish a proper foundation for admitting into evidence the records that are attached to his affidavit as "business records." See Ill. S. Ct. R. 236(a) (West 2018) (eff. Aug. 1, 1992). Defendant challenges whether Bennett established that the records attached to his affidavit can support plaintiff's right to summary judgment when the records were not created or maintained by plaintiff but were instead created by plaintiff's predecessors. Defendant claims that Bennett fails to demonstrate that the records from Bank of America or even plaintiff's records were incorporated into the records of Rushmore, Bennett's employer.

¶ 21    Illinois Supreme Court Rule 236 states that "[a]ny writing or record *** made as a memorandum or record of any act *** shall be admissible as evidence of the act *** if [the record is] made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act[.]" Ill. S. Ct. R. 236(a)

(West 2018) (eff. Aug. 1, 1992). The Rule further states that "[a]ll other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility." *Id*. The purpose of Rule 236 is to liberalize the rules of evidence pertaining to the admission of business records and to eliminate the need for the specific preparer's testimony. *Preski v. Warchol Construction Co.*, 111 Ill. App. 3d 641, 650 (1982). The admission of business records is reviewed for an abuse of discretion. *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 13.

¶ 22     In this case, Bennett relied upon records created by others that were stored and maintained in the Mortgage Servicing Platform system. Bennett explains that the Mortgage Servicing Platform software is industry standard and is designed specifically to track billing and payment data for mortgage loans. Bennett states that the records and entries in this case were created in the regular course of servicing the loan and that they accurately tracked when defendant was making payments on her mortgage and when those payments stopped. Bennett avers that the records were created and maintained contemporaneously with the loan activity and that such records are generally, and were in this case, created in the normal course of business.

¶ 23     To admit documents into evidence under the business records exception to the hearsay rule, the proponent must lay a foundation that the records were made (1) in the regular course of business; and (2) at or near the time of event or occurrence. Ill. R. Evid. 803(6) (West 2018) (eff. Apr. 26, 2012). Under Illinois law, a loan servicer can utilize the records created by its predecessor and can lay the foundation for admitting those records into evidence. *Land*, 2013 IL App (5th) 120283, ¶ 13. A party may "establish a foundation for admitting business records through the testimony of a records custodian or another person familiar with the business and its mode of operation." *Id*. (quoting *In re Estate of Weiland*, 338 Ill. App. 3d 585, 600 (2003))

(internal quotations omitted). In fact, the purpose of Rule 236 is to eliminate the need to call each witness that might have played a role in preparing a business record when a single witness can competently testify from the record. *Preski*, 111 Ill. App. 3d at 650. "All that is required [under Rule 236] is that the custodian of the records or someone familiar with the business and its mode of operation testify at trial as to the manner in which the record was prepared."

¶ 24     In his affidavit, Bennett sufficiently laid the foundation for admitting the records attached to the affidavit into evidence. Bennett explains in his affidavit that the records of plaintiff's predecessors in interest were integrated and boarded into Rushmore's systems, such that its predecessors' records are now part of Rushmore's business records. It is a regular business practice for Rushmore to integrate prior servicers' records into its own records and to rely on those records once their accuracy is verified through Rushmore's quality control and verification procedures. Bennett avers that the entries into the loan records on the Mortgage Servicing Platform are made at or near the time of the specific loan activity and that the records of that activity are then stored in the system. Bennett avers that the entries in this case were made in accordance with the procedures he detailed in his affidavit and were made at or near the time that payments were received. Defendant has failed to show that Bennett did not comply with Rule 236 when making his affidavit and the trial court did not abuse its discretion by finding a sufficient foundation for the admission of the records.

¶ 25     As a final point, plaintiff has supplied the note and mortgage as evidence in support of its motion for summary judgment. When the party seeking to enforce a mortgage obligation supplies the note and mortgage as evidence that it is the holder, that party establishes a *prima facie* case for foreclosure and the burden then shifts to the respondent to provide evidence in rebuttal. *PNC Bank, National Ass'n v. Zubel*, 2014 IL App (1st) 130976, ¶ 18; *Parkway Bank &*

*Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. Defendant did not submit any evidence in response to all of the evidence submitted by plaintiff in order to create a genuine issue of material fact. Plaintiff made out a *prima facie* case of its right to foreclose that was left unrebutted and was not seriously called into question. In light of all of the foregoing, the trial court did not err when it entered a judgment of foreclosure in plaintiff's favor.

¶ 26                                CONCLUSION

¶ 27    Accordingly, we affirm.

¶ 28    Affirmed.