2019 IL App (1st) 190208

FIRST DISTRICT
SECOND DIVISION
November 26, 2019

No. 1-19-0208

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, As Trustee for Fremont Home Loan Trust 2005-D, Mortgage-Backed Certificates, Series 2005-D, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | |
| MARJORIE D. ADAMS; WAYNE A. ADAMS; CITIBANK, N.A.; DIRECTOR OF EMPLOYMENT SECURITY OF THE STATE OF ILLINOIS; ILLINOIS DEPARTMENT OF REVENUE; FIA CARD SERVICES, N.A.; VILLAGE OF ARLINGTON HEIGHTS; MARJORIE D. ADAMS as Trustee of the Victoria Land Trust; UNKNOWN HEIRS and LEGATEES OF MARJORIE ADAMS, if any; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) | No. 15 CH 12854 The Honorable John J. Curry, Jr., Judge Presiding. |
| Defendants, | ) ) | |
| (Marjorie D. Adams and Wayne Adams, Defendants-Appellants) | ) ) | |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant failed to raise any material issues of fact regarding plaintiff's standing to bring foreclosure action, and summary judgment for plaintiff was proper. Confirmation of judicial sale was proper where it is presumed defendant received proper notice and there is no evidence that justice was not served.

¶ 2    Plaintiff HSBC Bank USA (HSBC Bank) brought an action to foreclose on the residence of defendants and mortgagors Marjorie Adams and Wayne Adams. The circuit court granted summary judgment in favor of HSBC Bank and entered an order confirming a judicial sale of the residence on January 23, 2019. Marjorie appeals the summary judgment order and the order confirming the judicial sale, raising numerous contentions, chiefly among them that material issues of fact exist as to whether HSBC Bank had standing to bring a foreclosure action. We find Marjorie's claims without merit and affirm.

¶ 3                                    BACKGROUND

¶ 4    As we will discuss in more detail below, Marjorie's brief on appeal is exceedingly noncompliant with our Supreme Court Rules, making our effort to identify the relevant facts of this case unnecessarily difficult. Accordingly, we set forth facts taken directly from the record, with the assistance of plaintiff's brief.

¶ 5    On August 24, 2005, defendants mortgaged their residence located at 12401 South 91st Avenue, Palos Park, IL to Mortgage Electronic Registration Systems, Inc. ("MERS"), nominee for Fremont Investment & Loan (Fremont), as security for a $520,000 loan. The loan was evidenced by an adjustable rate note executed the same day. On January 18, 2008, defendants entered into a loan modification agreement with Fremont for the remaining balance of the loan ("first loan modification"). MERS recorded an assignment of the mortgage to plaintiff HSBC Bank, dated August 14, 2009, with the Recorder of Deeds on October 8, 2009.

¶ 6    On August 12, 2009, plaintiff filed a complaint to foreclose on defendant's residence under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1501 *et. seq.* (West 2008)),

alleging that defendants defaulted under the note and mortgage by failing to make monthly payments since May 1, 2009 ("2009 foreclosure").[1] The trial court granted summary judgment in favor of plaintiff and entered a judgment of foreclosure on March 8, 2012. Subsequently, defendants entered into a loan modification agreement ("second loan modification") with their servicer and plaintiff voluntarily dismissed its foreclosure complaint and the trial court vacated its judgment of foreclosure on November 12, 2013.

¶ 7       Defendants failed to make monthly payments under the modification agreement and on August 27, 2015, plaintiff filed the underlying complaint. Plaintiff alleged that it was the legal holder of the indebtedness and that defendants failed to make payments on the loan since October 1, 2014. In support, plaintiff attached copies of the mortgage, the note, the assignment and the first loan modification agreement.

¶ 8       Defendants appeared *pro se* and filed a verified answer, raising the following affirmative defenses: "standing, owner occupied, mortgage and note were rescinded under TILA." Defendants attached a document to their answer titled "Response to Plaintiffs [sic] Motion for Summary Judgment," despite there not being a motion for summary judgment on file, in which they alleged: (1) the home is owner occupied; (2) the plaintiff does not have standing; and (3) the mortgage and note were rescinded by operation of law under TILA. Subsequently, an attorney filed an appearance and an amended answer on Marjorie's behalf. The amended answer raised affirmative defenses that: (1) plaintiff failed to provide a grace period notice, and (2) plaintiff lacks legal capacity to sue, because it is representing a series of certificates.

¶ 9       On April 26, 2017, the trial court granted summary judgment in plaintiff's favor and

---

[1] As we will discuss below, this Court does not have jurisdiction over the 2009 foreclosure; however, we will take judicial notice of the 2009 foreclosure proceedings and set forth the procedural history to the extent it is relevant to an understanding of various arguments defendant makes on appeal.

entered a judgment of foreclosure against Marjorie and Wayne.[2] The property was sold to plaintiff at a public auction and on November 15, 2018, plaintiff moved to approve the sale. Marjorie filed a *pro se* "objection" on countless grounds which, as far as we can make out, included that the note was not properly assigned to plaintiff, plaintiff did not have standing, plaintiff failed to present evidence of default, and that she was not properly served with notice of plaintiff's motion to approve the sale. The trial court confirmed the sale on January 23, 2019 and defendants filed a timely notice of appeal, in which they asserted that they are appealing court orders entered on January 23, 2019, April 26, 2017 and March 8, 2012. Marjorie filed a *pro se* appellate brief on her own behalf; no brief was filed on Wayne's behalf.

¶ 10                                ANALYSIS

¶ 11        Initially, we note that Marjorie's brief on appeal fails to comply with our Supreme Court Rules, which are mandatory. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. The purpose of these procedural rules is to require the parties to present clear and orderly arguments to the reviewing court so that we can properly understand, evaluate and resolve the issues raised. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. *Pro se* litigants are not relieved of the duty to comply, as closely as possible, with procedural rules. *In re Marriage of Petrik*, 2012 IL App. (2d) 110495, ¶ 38. Ultimately, we are not a depository in which the appellant may dump the burden of argument and research for his cause on appeal. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st), ¶ 18.

¶ 12        For example, Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018) requires that the appellant include a "Statement of Facts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with

[2] The trial court also entered a default order against the remaining defendants and dismissed as party defendants Unknown Owners and Non Record Claimants and Unknown Heirs and Legatees of Marjorie D. Adams and Wayne A. Adams on April 26, 2017.

4

appropriate reference to the pages of the record on appeal." Marjorie does include a "Statement of Facts"; however, the majority of her "facts" are irrelevant, argumentative, and not supported by any citation to the record. Similarly, Illinois Supreme Court Rule 341(h)(7) requires the appellant to present reasoned argument and citation to legal authority and to specific portions of the record in support of her claim of error. Marjorie's "argument" section initially includes relevant legal citations; however, it quickly devolves into convoluted assertions without any citation to the record or to pertinent authority.

¶ 13　　　We also observe that Marjorie has not provided a transcript of the proceedings on HSBC Bank's motion for summary judgment or the approval of the foreclosure sale. Nor has she provided a sufficient substitute, such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). It is the appellant's duty to present the court with a proper record on appeal so that we have an adequate basis for reviewing the trial court's decision. *Cambridge Engineering v. Mercury Partners*, 378 Ill. App. 3d 437, 445 (2007). Where there is a gap in the record that could impact our decision, we will presume that the missing evidence supported the judgment of the trial court and resolve any doubts against the appellant. *Id.* at 445-46.

¶ 14　　　Considering the content of Marjorie's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the merits of this case can be ascertained from the record, Marjorie made an effort to comply with supreme court rules, and we have the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. (see *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)).

¶ 15    We must address defendant's effort to appeal the judgment of foreclosure and sale entered on March 8, 2012 in the 2009 foreclosure before turning to the merits of defendant's appeal. We do not have jurisdiction to review judgments, orders, or decrees that are not final. *Hawes v. Luhr Bros., Inc.*, 212 Ill. 2d 93, 106 (2004). "A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Marriage of Link*, 362 Ill. App. 3d 191, 192 (2005). The trial court vacated its March 8, 2012 judgment and plaintiff voluntarily withdrew its complaint. Accordingly, there is no judgment on the merits for defendant to appeal and we do not have jurisdiction to review the March 8, 2012 order.

¶ 16                                Summary Judgment

¶ 17    From what we can discern from Marjorie's brief, she ostensibly first argues that summary judgment for HSBC Bank was improper because there were material issues of fact regarding its standing to foreclose and *res judicata* barred plaintiff's cause of action. Specifically, she argues that HSBC Bank was not the legal holder of the note at the time it filed its complaint, that she rescinded the note under the Truth in Lending Act ("TILA") (15 U.S.C. §1601 *et seq.*), and that plaintiff withdrew and refiled its complaint multiple times, so it's action is barred by *res judicata*.

¶ 18    Summary judgment is appropriate where "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). We review the trial court's grant of summary judgment *de novo*, construing the record strictly against the movant and liberally in favor of the nonmoving party. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). We may affirm on any basis found in the record. *See Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004).

6

¶ 19    Marjorie claims that plaintiff lacked standing at the time it filed the foreclosure complaint because the copy of the note attached to the complaint was "obsolete," since it was not the most recent "version" and "the relationship of agent and principal (between [p]laintiff as trustee and the securitized trust as owner) was never proven by [p]laintiff prior to the grant of summary judgment." Marjorie seemingly contends that because plaintiff did not have the "wet ink" versions of the loan modifications, the assignment to HSBC Bank was invalid. Marjorie also attacks the chain of title based on incomprehensible trust and bankruptcy arguments that we cannot decipher and will not address. Marjorie's assertions are without merit and insufficient to sustain her burden of proof.

¶ 20    A *prima facie* case for foreclosure is established if the complaint conforms to the requirements of section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2014) and a copy of the mortgage and note are attached. *PNC Bank, National Ass'n v. Zubel*, 2014 IL App (1st) 130976, ¶ 18. The burden of proof then shifts to the borrower to prove any affirmative defense, such as the plaintiff's lack of standing. *Id.*; see *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24 (because standing is an affirmative defense, the borrower has the burden to prove plaintiff's lack of standing).

¶ 21    Marjorie has not provided any legal basis for her contention that plaintiff was required to produce the original loan modifications. The Mortgage Foreclosure Law requires that plaintiff attach a copy of the mortgage and a copy of the note to its complaint. 735 ILCS 5/15-1504. Additionally, Illinois Supreme Court Rule 113(b) (eff. May 1, 2013) requires that a copy of the note attached to the foreclosure complaint must be a copy of the note as it currently exists, together with all indorsements and allonges.

¶ 22    Plaintiff alleged in its complaint that the mortgage was assigned to HSBC Bank and that

it was the legal holder of the indebtedness. Plaintiff attached copies of the mortgage and the original note, containing a specific indorsement to plaintiff, in support of its claim. Accordingly, there was *prima facie* evidence that plaintiff owned the note. *PNC Bank, National Ass'n*, 2014 IL App (1st) 130976, ¶ 18. Although not specifically required by the Mortgage Foreclosure Law (see *Deutsche Bank Nat. Trust Co. v. Iordonov*, 2016 IL App (1st) 152656, ¶ 37), plaintiff also attached a copy of the assignment from MERS to plaintiff, dated August 14, 2009. The foregoing documents were also attached to plaintiff's motion for summary judgment. Marjorie contends that it was insufficient for plaintiff to provide the original note, because it was rendered "obsolete" by the subsequent loan modification agreements. There is no basis in law or fact for this argument. Notably, both loan modification agreements explicitly state the original note remains in full force and effect. There is no question that plaintiff complied with the requirements of the Mortgage Foreclosure Law and Illinois Supreme Court Rule 113(b).

¶ 23      We should also note that Marjorie sporadically alleges throughout the record and her brief that plaintiff did not have standing because plaintiff's 2009 foreclosure complaint did not include the specifically indorsed note and the assignment was dated two days after plaintiff filed its foreclosure complaint. As we have already discussed, we do not have jurisdiction to review the 2009 foreclosure. However, it is well-established that even if plaintiff would have attached the note indorsed in blank to its 2015 foreclosure complaint, "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed." 810 ILCS 5/3-205(b) (West 2014). The fact that plaintiff attached a note indorsed in blank to its 2009 foreclosure complaint and a specifically indorsed note to its 2015 foreclosure complaint is insignificant.

¶ 24      It is also well-established in Illinois that a mortgage assignment may be oral or written,

and even where a written assignment exists, "it may be a mere memorialization of an earlier transfer of interest." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 25. Defendant failed to show that the mortgage assignment produced was not a mere memorialization of an earlier transfer. Accordingly, Marjorie's argument that plaintiff lacked standing is without merit.

¶ 25    Next, Marjorie argues that she rescinded the note and mortgage under the Truth in Lending Act (TILA). The record reflects that Marjorie filed documents titled "Notice of Revocation of Power of Attorney," "Release of Lien and Full Reconveyance," "Notice of Revocation of Trustee," and "Notice of Lender's Default" with the Cook County Recorder of Deeds on May 30, 2012. These documents contain nonsensical legal jargon essentially purporting to "revoke, rescind, and terminate" the loan. Section 1635 of the TILA permits a borrower to rescind a loan agreement up to three business days after the transaction. 15 U.S.C. §1635(a). "When a lender 'fails to deliver certain forms or to disclose important terms accurately' to the borrower, the Act extends the borrower's right to rescind the transaction to three years." 15 U.S.C. §1635(f); see *GreenPoint Mortgage Funding, Inc. v. Hirt*, 2018 IL App (1st) 170921, ¶ 18 (citing *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 411(1998)). Aside from the fact that there is no evidence that plaintiff failed to comply with TILA requirements, the record reflects that Marjorie entered into the loan agreement in August 2005. Accordingly, she was barred from requesting a rescission in 2012, when the above-referenced documents were filed with the Recorder of Deeds, and she is barred from raising her right to rescind as an affirmative defense in this action.

¶ 26    Marjorie next asserts that "[r]es judicata may be applied here" and rhetorically asks "[h]ow many times can a [p]laintiff withdraw and refile a complaint while trying to get it right

9

hoping changes will make the case unappealable." She relies on *First Midwest Bank v. Cobo*, 2018 IL 123038 to assert that a plaintiff only has one opportunity to refile the same claim. Marjorie's reliance on *First Midwest Bank* is misplaced and *res judicata* does not bar plaintiff's cause of action.

¶ 27    In *First Midwest* Bank, 2018 IL 123038, ¶¶ 7-9, plaintiff sued defendants based on the same mortgage, note, and default multiple times. We held that a plaintiff who voluntarily dismisses a claim has only one opportunity to refile that same claim. *Id.* at ¶ 1. Because all three of plaintiff's complaints alleged that defendants breached the same promissory note, alleged the same default date, and requested the same relief, we found that the third refiling was impermissible. *Id.* at ¶ 20.

¶ 28    Here, plaintiff's foreclosure complaints allege different default dates. Additionally, Marjorie conflates refiling a claim with refiling a motion for summary judgment, asserting that plaintiff refiled its action three times. The record reflects that plaintiff voluntarily dismissed the 2009 foreclosure on November 12, 2013 and refiled the instant action on August 27, 2015. Marjorie identifies a "second withdraw," in her brief but fails to cite to the record, and a "third withdraw," which she identifies as HSBC's voluntary withdrawal of its summary judgment motion.

¶ 29    As to Marjorie's *res judicata* argument, "the doctrine of *res judicata* provides that a *final judgment on the merits* rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). Three requirements must be satisfied in order for *res judicata* to apply: (1) a final judgment on the merits has been reached by a court of competent jurisdiction, (2) an identity of cause of action exists, and (3) the parties or their privies are identical in both

10

actions. *Taylor, Bean, & Whitaker Mortgage Corporation v. Cocroft*, 2018 IL App (1st) 170969, ¶ 49

¶ 30 Defendant's claim of *res judicata* is based on plaintiff's 2009 foreclosure action, which was voluntarily dismissed without prejudice. A voluntary dismissal without prejudice "signals that there was no final decision on the merits and that plaintiff is not barred from refiling the action." *Id.* at ¶ 51. Accordingly, *res judicata* does not bar the instant action.

¶ 31 Approval of Sale

¶ 32 A circuit court's decision whether to confirm or reject a judicial foreclosure sale will not be disturbed absent an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). An abuse of discretion will only be found where the circuit court committed an error of law or where no reasonable person would take the view adopted by the court. *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 31. Section 15-1508(b) of the Mortgage Foreclosure Law "confers broad discretion on circuit courts in approving and disapproving judicial sales." *Mortgage Electronic Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4 (2010). The party challenging the judicial sale has the burden of establishing sufficient grounds to disapprove the sale. *Iordanov*, 2016 IL App (1st) 152656, ¶ 31.

¶ 33 Section 15-1508(b) of the Mortgage Foreclosure Law provides, in pertinent part, that upon motion and notice, a court shall conduct a hearing and confirm the judicial sale unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b).

¶ 34 Defendant first argues that the trial court should have disapproved the judicial sale, because plaintiff did not provide the required notice under subsection (i); however, this notice

11

requirement pertains to the *judicial foreclosure sale*. See 735 ILCS 5/15-1507. The trial court found that all notices required by section 15-1507(c) were given and defendant does not dispute that she received notice of the judicial foreclosure sale itself.

¶ 35 Instead, she contends that she did not receive notice of plaintiff's request for approval of the judicial sale. Illinois Supreme Court Rule 11 (eff. July 1, 2017) requires, in relevant part, that service of documents other than process and the complaint shall be served electronically or, under certain circumstances, via personal service, service at a party's residence, U.S. Mail, or third party commercial carrier. In confirming the sale, the trial court found that due notice of the motion was given. The record reflects that plaintiff filed proof of service with the circuit court on November 11, 2018, indicating that notice of the motion was sent to defendant via U.S. Mail to two different addresses, one of which is the address defendant listed on her pleadings in the trial court and on her appellate brief. There is a presumption of delivery if sent by regular mail directed to a proper address, and the mere assertion that defendant did not receive the notice is insufficient to demonstrate that service was inadequate. *CitiMortgage Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39.

Defendant also contends, without a legal basis or factual support, that justice was not otherwise done. "To vacate both the sale and the underlying default judgment of foreclosure, the borrower must not only have a meritorious defense to the underlying judgment, but must establish under section 15–1508(b)(iv) that justice was not otherwise done because either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 26. Bare allegations that justice was not done

are insufficient to unravel a judicial sale. *Deutsche Bank Nat. Trust v. Cichosz*, 2014 IL App (1st) 131387, ¶ 16. Despite defendant's contentions, there is no evidence of fraud, misrepresentation or injustice in this case. Accordingly, the trial court properly approved the judicial foreclosure sale.

¶ 36                                    CONCLUSION

¶ 37        The trial court did not abuse its discretion in granting summary judgment for plaintiff and confirming the judicial foreclosure sale.

¶ 38    Affirmed.