**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190071-U

Order filed March 24, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY SPLANT, STATE OF ILLINOIS, | ) | |
| WESMERE COUNTRY CLUB | ) | |
| ASSOCIATION, WESMERE ARBOR | ) | Appeal No. 3-19-0071 |
| HOMEOWNERS ASSOCIATION, | ) | Circuit No. 15-CH-1179 |
| UNKNOWN OWNERS, NON-RECORD | ) | |
| CLAIMANTS, and UNKNOWN | ) | |
| OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | M. Thomas Carney, |
| (Kelly Splant, Defendant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not err in granting summary judgment.

¶ 2        The plaintiff, Nationstar Mortgage LLC, moved for summary judgment on its complaint to foreclose the mortgage of the defendant, Kelly Splant. The court granted the motion, and the defendant appeals.

¶ 3                                    I. BACKGROUND

¶ 4        On May 19, 2015, the plaintiff filed a complaint to foreclose the defendant's mortgage. The complaint alleged that the defendant had failed to make any of the monthly payments on her mortgage since October 2014. The case was evaluated for mediation, but the effort to mediate was terminated on December 10, 2015. On January 4, 2017, the plaintiff moved for a default judgment of foreclosure since the defendant failed to plead. The only transcripts included on appeal are from January 10, 2017, when the case came for a hearing on the plaintiff's motion for default judgment. The defendant stated that she had been working to get a loan modification, but it was revoked, and she was working with the bank to get another loan modification. The court gave the defendant time to answer the complaint.

¶ 5        On March 24, 2017, the defendant, as a self-represented litigant, filled out a court-provided form answering the complaint. The defendant stated that she was approved for a loan modification and was beginning to make the trial period payments on the modification. The case was set for status.

¶ 6        On August 4, 2017, the plaintiff filed a motion for summary judgment, alleging that the defendant had been in default on her mortgage since October 1, 2014, and there were no genuine issues of material fact. With the motion was an affidavit executed by a document execution specialist for the plaintiff, who stated that the defendant was in default and owed $190,697.51. The affidavit explained how the affiant had personal knowledge and determined the amount owed. Attached to the affidavit were spreadsheets regarding the amount the defendant owed. Britney

2

Fisher, another document execution specialist executed a loss mitigation affidavit, which stated that she determined some alternative loss mitigation programs that the defendant's mortgage may qualify for. Fisher spoke with the defendant to inform her of the options, sent her mailings, and confirmed her income and expenses. She stated that the defendant either did not apply for the options or was rejected. Other documents were attached to the motion, including, the note, the mortgage, the legal description of the property, and documents assigning the mortgage to the plaintiff. The defendant again filled out a form reply stating that she had been given the opportunity to modify the loan and would begin trial payments in October, November, and December. The court gave the defendant some time and set the case for status of the trial payment plan.

¶ 7       The plaintiff again moved for summary judgment on June 13, 2018. The information attached to the motion was much the same as the first motion, except the affidavit stated that the defendant now owed $207,252.16. Another loss mitigation affidavit was executed by a different document execution associate which listed the status of the loss mitigation efforts as follows: the defendant (1) was denied for Federal Housing Administration (FHA) modification options on January 11 and March 13, 2018, due to excessive obligations; (2) was denied government forbearance on October 28, 2015, March 8, 2017, August 31, 2017, January 11, 2018, and March 13, 2018, due to excessive obligations; (3) was denied a government trial based on excessive obligations on October 28, 2015, and January 18, 2018; (4) did not accept an offer for an FHA Home Affordable Modification Program trial on September 19, 2016, May 8, 2017, and November 22, 2017; (5) was denied a government trial due to insufficient monthly payment reduction on March 9, 2017; and (6) did not apply for a traditional short sale or traditional deed-in-lieu of foreclosure. The defendant filed a form response, stating that she denied or did not know the

3

veracity of the statements contained in the motion. She wrote on one page, "Loss mitigation denial is incorrect." The defendant did not submit any counteraffidavits or other documents.

¶ 8        The court granted the plaintiff's motion and entered the judgment of foreclosure on August 21, 2018. A transcript of the hearing is not in the record. A sale was held on November 29, 2018, and an order approving the sale was entered on January 8, 2019. The defendant appealed.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, the defendant argues that the circuit court erred by granting summary judgment in favor of the plaintiff. Specifically, the defendant contends that the foreclosure was based on inaccurate records and that there was a new loan modification that should have prevented foreclosure. The defendant does not contest the propriety of any of the orders entered after summary judgment was granted.

¶ 11        Summary judgment is proper where the pleadings, affidavits, depositions, and admissions of record, construed strictly against the moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). "A genuine issue of fact exists where the material relevant facts in the case are disputed, or where reasonable persons could draw different inferences and conclusions from undisputed facts." *PNC Bank, National Ass'n v. Zubel*, 2014 IL App (1st) 130976, ¶ 13. To survive a motion for summary judgment, the nonmoving party must present evidence to establish that there are genuine issues of material fact and/or that the moving party is not entitled to judgment as a matter of law. *Performance Food Group Co. v. ARBA Care Center of Bloomington*, *LLC*, 2017 IL App (3d) 160348, ¶ 18. The nonmoving party may not rely solely upon its pleadings or argument to raise an issue of material fact. *Id.* When a party moving for summary judgment files supporting affidavits with well-pleaded facts, and the party opposing the motion files no counteraffidavits, the

4

facts set forth in the movant's affidavits are deemed admitted. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 49.

> "When reviewing a grant of summary judgment, this court must determine whether, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal any genuine issues of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Brugger v. Joseph Academy, Inc.*, 202 Ill. 2d 435, 446 (2002).

We review the court's granting of summary judgment *de novo*. *Id.*

¶ 12    Foreclosure proceedings are governed by the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1501 *et seq.* (West 2018). Section 15-1504 sets forth the pleading and service requirements to initiate mortgage foreclosure actions. 735 ILCS 5/15-1504 (West 2018).

> "Pursuant to Illinois law, a mortgagee may foreclose its interest in real property upon 'either the debt's maturity or a default of a condition in the instrument.' *Heritage Pullman Bank v. American National Bank & Trust Co. of Chicago*, 164 Ill. App. 3d 680, 685 (1987). A mortgagee establishes a *prima facie* case for foreclosure with the introduction of the mortgage and note, after which the burden of proof shifts to the mortgagee to prove any applicable affirmative defense." *Zubel*, 2014 IL App (1st) 130976, ¶ 18.

¶ 13    At the outset, we note that the record on appeal only includes the transcripts from January 10, 2017, which was early in the proceedings, where the defendant stated that she was working on getting a loan modification. As the appellant, the defendant has

> "the burden of presenting a sufficiently complete record of the proceedings at trial to support a claim of error and, in the absence of such a record on appeal, a

5

reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. [Citation.] Any doubts arising from the incompleteness of the record are resolved against the appellant." *Wackrow v. Niemi*, 231 Ill. 2d 418, 428 n.4 (2008).

¶ 14 Here, the plaintiff's complaint contained all the pertinent information concerning the mortgage at issue, including the date of the mortgage, the identification of the parties to the mortgage, a legal description of the mortgaged premises, and statements as to the defendant's default. See 735 ILCS 5/15-1504 (West 2018). The plaintiff identified itself as the current holder of the note and copies of the mortgage and note were attached to the complaint. *Id.* The complaint was tailored to the specific facts and circumstances of the mortgage and satisfied the pleading requirements. Moreover, the motion for summary judgment included affidavits that provided details pertaining to the defendant's mortgage default, which indicated that the affiants were familiar with the mortgage, and were based on personal knowledge. See *Zubel*, 2014 IL App (1st) 130976, ¶¶ 20-21. The affidavit examining how much the defendant owed contained spreadsheets and documents confirming its accuracy. The loss mitigation affidavit shows the steps that were taken to modify the loan so that the defendant would not be displaced. Based on the information presented, the plaintiff set forth a *prima facie* case for foreclosure. The burden then shifted to the defendant to establish that a genuine issue of material fact existed that would preclude summary judgment. *Id.* ¶ 18.

¶ 15 While the defendant argues that the foreclosure was based on inaccurate information and that there was a new loan modification, the defendant points to nothing in the record, nor provides any evidence on appeal, to substantiate this claim. In fact, other than the forms the defendant filled out in the trial court, she did not present a counteraffidavit or any other evidence. "In order to

6

prevent the entry of a summary judgment, the non-moving party must present a *bona fide* factual defense and not hide behind equivocations and general denials." *Koukoulomatis v. Disco Wheels, Inc.*, 127 Ill. App. 3d 95, 101 (1984). Since the plaintiff's motion for summary judgment was supported by affidavits, the defendant was required to file a counteraffidavit to create a genuine issue of material fact. See *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380 (1974). Thus, since the defendant did not file a counteraffidavit, she failed to establish a genuine issue of material fact, and the court properly granted the plaintiff's motion for summary judgment.

¶ 16                                    III. CONCLUSION

¶ 17        The judgment of the circuit court of Will County is affirmed.

¶ 18        Affirmed.